David H. Krieger, Esq.
Nevada Bar No. 9086
Shawn W. Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
dkrieger@kriegerlawgroup.com
smiller@kriegerlawgroup.com
Attorneys for Plaintiff,
*Leisa W. Whittum*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LEISA E. WHITTUM,<br><br>Plaintiff(s),<br><br>vs.<br><br>AT&T MOBILITY LLC,<br><br>Defendant(s). | Case No.: 2:20-cv-01291-GMN-BNW<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between LEISA E. WHITTUM ("Plaintiff") and Defendant AT&T Mobility LLC ("AT&T"), collectively the "parties," by and through their counsel of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary or commercially sensitive information belonging to the AT&T and/or personal income, credit and other confidential

-1-

information of Plaintiff;

WHEREAS, some of the above-referenced documents and information may be so highly sensitive that it should not be produced to any person other than outside counsel and in-house counsel for the parties;

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with its terms..

2. "Confidential" documents or information means information that the producing party reasonably and in good faith believes contains or comprises trade secrets, confidential research, development, technology or other proprietary or commercially sensitive information belonging to the AT&T and/or personal income, credit and other confidential information of Plaintiff that is otherwise not in the public domain.

3. "Confidential-Attorneys' Eyes Only" documents or information means "Confidential" information that the producing party reasonably and in good faith believes is so highly sensitive that it should not be disclosed to any person other than outside counsel and in-house counsel for the parties in order to protect the privacy or confidentiality interests described above and/or to avoid significant competitive or

commercial disadvantage to the producing party.

4. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential" or "Confidential-Attorneys' Eyes Only."

5. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential-Attorneys' Eyes Only" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Local Rules.

6. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, summaries, compilations, or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential-Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person, including the parties, for commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

7.     All depositions or portions of depositions taken in this action that contain protected information may be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" as applicable and thereby obtain the protections accorded under this Order. The parties shall have twenty-one (21) days from the date a deposition is taken, or fourteen (14) days from the date a deposition transcript is received, whichever date is later, to serve a notice to all parties designating portions as "Confidential" or "Confidential-Attorneys' Eyes Only." Until such time, all deposition testimony shall be treated as "Confidential" information. To the extent any designations are made on the record during the deposition, the designating party need not serve a notice re-designating those portions of the transcript as "Confidential" or "Confidential-Attorneys' Eyes Only" information. Any party may challenge any such designation in accordance with Paragraph 19 of this Order.

8.     All testimony or argument given in pretrial or other proceedings that includes protected information may be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" as applicable and thereby obtain the protections accorded under this Order. The designating party must request, on the record, that the Court permit a motion to seal the courtroom for portions of the proceeding, and further identify, within fourteen days after receipt of the final transcript, the portion(s) of such hearing or other proceeding involving protected testimony.

9.     Except with the prior written consent of the individual or entity designating

a document or portions of a document as "Confidential,", any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) Parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses who need to know such information for purposes of this litigation; (e) present or former employees or independent contractors of the producing party in connection with their potential depositions in this action;; and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

10. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential-Attorneys' Eyes Only," any document, transcript or pleading given "Confidential-Attorneys' Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; and (b) counsel for the parties, whether retained counsel or

in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation.  If a party reasonably believes that disclosure of a document or information or portions of a document or information designated as "Confidential-Attorneys' Eyes Only" to persons other than those identified above is necessary, the parties will meet and confer regarding the reasons for such disclosures, the relevance, significance and sensitivity of the disclosures, and the extent and portions of such documents or information which may be disclosed, if any.  If the parties cannot agree, the party seeking disclosure may seek an order of the Court to allow for such disclosures subject to the terms and conditions the Court may impose, if any.

11. Documents produced as "Confidential" shall not be made available to any person designated in subparagraph 9 (d) and (f) that do not otherwise fall under subparagraph 9(a)-(c) and (e)  unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

12. Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Protective Order by providing the parties with written notice that they intend to comply with and be bound by the terms of this Protective Order.

13. All persons receiving any or all documents produced pursuant to this Order shall be advised of their protected nature.  All persons to whom protected information and/or documents are disclosed are hereby enjoined from disclosing same to any person

except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such protected documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and for the purposes specified, and in no event, shall such person make any other use of such document or transcript.

14. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or Confidential-Attorneys' Eyes Only."

15. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential-Attorneys' Eyes Only" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

16. Inadvertent failure to designate any document, transcript, or other materials "Confidential" or "Confidential-Attorneys' Eyes Only" will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim is promptly asserted after discovery of the inadvertent failure. If a party designates a document as "Confidential" or "Confidential-Attorneys' Eyes Only" after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions

of this Order, and upon request from the producing party certify that the designated documents have been maintained as protected information. **The designating party shall have the burden of proving that any document designated as "Confidential" or "Confidential-Attorneys' Eyes Only" is entitled to such protection.**

17. Each party that designates documents or information for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standard. Mass, indiscriminate, or routinized designations are prohibited. However, when it is administratively unfeasible or unduly burdensome to designate only portions of documents and information, the producing party may designate the entirety of the document to facilitate production. In such circumstances, the parties agree that, to the extent either party desires to put such documents or information before the Court, the parties will meet and confer regarding the extent to which the designation may be limited to only a portion of the document or information at issue, if any, based on the overall relevant, significance, and sensitivity.

18. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded protection pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the producing party. In lieu of return, the parties may agree to destroy the documents, to the extent practicable.

19. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential-Attorneys' Eyes Only" as applicable subject to the provisions of this Protective Order.

20. If any material that is subject to a claim of privilege or work product protection – whether designated "Confidential" or not – is inadvertently produced, the party that inadvertently produced the information and the party that received the inadvertently produced information will follow Federal Rule of Civil Procedure 26(b)(5)(b) in addressing the inadvertent production. Per Federal Rule of Evidence 502(d), the privilege or protection afforded to any document or information is not waived by inadvertent disclosure in this action.

21. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment.

22. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**IT IS SO STIPULATED.**

Dated October 20, 2020.

| Submitted by: | No Opposition: |
|---|---|
| */s/ Shawn W. Miller* | */s/ Anand R. Sambhwani* |
| David H. Krieger, Esq. | Thomas E. McGrath, Esq. |
| Shawn W. Miller, Esq. | TYSON & MENDES, LLP |
| KRIEGER LAW GROUP, LLC | 3960 Howard Hughes Parkway |
| 2850 W. Horizon Ridge Parkway | Suite 600 |
| Suite 200 | Las Vegas, Nevada 89169 |
| Henderson, Nevada 89052 | |
| Attorneys for Plaintiff | Anand Sambhwani, Esq.  (admitted *pro hac vice*) |
| **LEISA E. WHITTUM** | KELLER/ANDERLE LLP |
| | 18300 Von Karman Ave, Suite 930 |
| | Irvine, California 92612 |
| | Attorneys for Defendant |
| | ***AT&T Mobility LLC*** |

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Dated: October 23, 2020

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

LEISA E. WHITTUM,

        Plaintiff(s),

vs.

AT&T MOBILITY, LLC,

        Defendant(s).

Case No.: 2:20-cv-01291-GMN-BNW

**EXHIBIT A**
**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. My address is: _____.

2. My present employer, occupation and job description are: _____
_____.

3. On _____, I received a copy of the Stipulated Protective Order and I have carefully read and understand the terms of the Stipulated Protective Order.

4. I will comply with all provisions of the Stipulated Protective Order and I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order and I will use such information, documents or other materials only for purposes of this present action.

5. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to the Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

6. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action. I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ___ day of _____, 2020 at _____.

_____
(Signature of Qualified Person)