THOMAS E. MCGRATH
Nevada Bar No. 7086
tmcgrath@tysonmendes.com
3960 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 724-2648
Facsimile: (702) 938-1048

ANAND R. SAMBHWANI (admitted *pro hac vice)*
California State Bar No. 17295
asambhwani@kelleranderle.com
KELLER/ANDERLE LLP
18300 Von Karman Avenue, Suite 930
Irvine, California 92612
Telephone: (949) 476-8700
Facsimile: (949) 476-0900

Attorneys for Defendant,
AT&T Mobility LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LEISA E. WHITUTM,

Plaintiff,

v.

AT&T MOBILITY LLC,

Defendants.

Case No. 2:20-cv-01291-GMN-BNW

**STIPULATION AND [PROPOSED] ORDER GRANTING RELIEF TO INITIATE RULE 26(F) CONFERENCE AFTER THE COURT RULES ON AT&T MOBILITY LLC'S PENDING MOTION TO DISMISS**

LEISA E. WHITTUM ("Plaintiff") and AT&T MOBILITY LLC ("AT&T"), collectively the "Parties," by and through their counsel of record, stipulate and jointly request for an order that clarifies an ambiguity that may exist based on the interplay of the Court's Order, dated June 4, 2021 (ECF No. 31) (the "June 4 Order") and Local Rule 26-1.

WHEREAS, Plaintiff filed her Complaint on July 1, 2020 against AT&T alleging violations of the Telephone Consumer Protection Act (TCPA) and state law causes of action. *See* ECF No. 1 (Counts I and II).

WHEREAS, the Court stayed this matter on December 17, 2020, pending the United States Supreme Court's decision in *Facebook v. Duguid*;

WHEREAS, the Supreme Court issued a decision in *Facebook v. Duguid* on April 1, 2021;

WHEREAS, the Parties submitted a Joint Status Report (ECF No. 27) and First Amended Discovery Plan and Proposed Scheduling Order (ECF No. 27-1) that was premised on Plaintiff pursing the Complaint and the TCPA claims stated therein;

WHERAS, the Court entered the First Amended Discovery Plan and Scheduling Order on April 20, 2021 (ECF No. 29);

WHEREAS, Plaintiff informed AT&T on May 4, 2021, that she intends to amend the Complaint which will not include the TCPA causes of action;

WHEREAS, the Parties agreed that a second amended scheduling order will be necessary after AT&T files a responsive pleading to the amended complaint and submitted a stipulation and proposed order granting Plaintiff leave to amend the complaint and which addressed related relief (ECF No. 30);

WHEREAS, the Court issued the June 4 Order that held, among other things, that the "[p]arties will submit a stipulated second amended discovery plan and proposed scheduling order as contemplated by LR 26-1 within 14 days of AT&T filing its responsive pleading under Rule 12(a)[;]"

WHEREAS, AT&T filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules") which was also contemplated by Court's June 4 Order as opposed to a responsive pleading under Rule 12(a);

WHEREAS, Plaintiff believes an ambiguity exists between the Court's June 4 Order and Local Rule 26-1 because the latter contemplates the initiation of a Rule 26(f) conference and the submission of a discovery plan 14 days after that conference even if a Rule 12(b) motion is pending;

WHEREAS, AT&T believes the Court's June 4 Order is unambiguous in that the stipulated second amended discovery plan and proposed scheduling order is due within 14 days after AT&T files its responsive pleading under Rule 12(a), the Court's June 4 Order supersedes the default practice under Local Rule 26-1 as to the scheduling of the conference and submission of the discovery plan,

and implicit in the Court's June 4 Order is that the parties may initiate the scheduling of the Rule 26(f) conference after the Court rules on AT&T's Rule 12(b) motion;

WHEREAS, the Parties agree that the Rule 26(f) conference and submission of the Parties' second amended discovery plan and proposed scheduling order should take place after the Court resolves AT&T's Rule 12(b) motion;

WHEREAS, the Parties' proposed timing of the Rule 26(f) conference and the submission of their second amended discovery plan and proposed scheduling order is in furtherance of judicial economy and will avoid unnecessary expense for the Parties, and neither Party will suffer any prejudice;

NOW THEREFORE, the Parties hereby stipulate and jointly request this Court issue an Order as follows: 1) the Parties shall provide a stipulated second amended discovery plan and proposed scheduling order as contemplated by Local Rule 26-1 within 14 days after AT&T files a responsive pleading under Rule 12(a); and 2) the Parties are permitted to initiate the scheduling of the Rule 26(f) conference required by Local Rule 26-1 after the Court rules on AT&T's Rule 12(b) motion.

DATED: December 9, 2021

*/s/ Shawn W. Miller*
David H. Krieger, Esq.
Shawn W. Miller, Esq.
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052

Attorneys for Plaintiff
***Leisa E. Whittum***

*/s/ Anand Sambhwani*
Thomas E. McGrath, Esq.
TYSON & MENDES, LLP
3960 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

Anand Sambhwani, Esq. (admitted *pro hac vice*)
KELLER/ANDERLE LLP
18300 Von Karman Ave, Suite 930
Irvine, California 92612

Attorneys for Defendant
***AT&T Mobility, LLC***

**Order**

**IT IS SO ORDERED**

**DATED:** 4:17 pm, December 10, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**